41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Miguel MONTENEGRO, Defendant-Appellant.
 No. 92-2649.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 8, 1994.
 
 Before FAIRCHILD, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Miguel Montenegro, along with four co-defendants, was indicted on one count of conspiracy to distribute cocaine and one count of cocaine distribution in violation of 21 U.S.C. Secs. 846 and 841(a)(1). A jury convicted Montenegro on both counts and he was sentenced to two concurrent terms of 240 months of imprisonment and 5 years of supervised release.[1] On appeal, Montenegro challenges the adequacy of trial counsel's representation at sentencing. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 Preliminarily, we note that because counsel is presumed to be effective, a defendant bears a heavy burden when challenging counsel's effectiveness. United States v. Fish, No. 93-2849, slip op. at 4 (7th Cir. Sep. 2, 1994) (citing United States v. Jiminez, 992 F.2d 131, 134 (7th Cir.1993)). Counsel is found to be ineffective only if a defendant demonstrates that "counsel's performance 'fell below an objective standard of reasonableness[ ]' [and] there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id. at 5-6 (quoting Strickland v. Washington, 466 U.S. 668, 668, 694 (1984)). Montenegro contends that trial counsel was constitutionally ineffective for failing to object to the district court's finding that there were five participants to the conspiracy for the purposes of enhancing his sentence pursuant to U.S.S.G. Sec. 3B1.1(b). We disagree.
 
 
 3
 U.S.S.G. Sec. 3B1.1(b) provides for a three level increase in a defendant's base offense level "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive...." U.S.S.G. Sec. 3B1.1(b). U.S.S.G. Sec. 3B1.1, comment. (n. 1) defines a participant as "a person who is criminally responsible for the commission of the offense...." Montenegro concedes that he was a supervisor of the conspiracy and that, including himself, there were five participants. He argues, however, that his status as supervisor of the conspiracy precluded the district court from also counting him as a participant to the conspiracy. Montenegro asserts that as there were, therefore, only four participants to the conspiracy for the purposes of U.S.S.G. Sec. 3B1.1(b), trial counsel's failure to challenge the district court's finding that there were five participants constituted constitutionally ineffective assistance of counsel.
 
 
 4
 This court has held that a defendant receiving a sentencing enhancement under U.S.S.G. Sec. 3B1.1 is to be included as a participant in the criminal activity. See United States v. Schweihs, 971 F.2d 1302, 1318 (7th Cir.1992) (Where this court held that for the purposes of Sec. 3B1.1 "[t]he defendant ... is counted as a participant in the offense.") (citing United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990), cert. denied, 498 U.S. 1097 (1991); United States v. Herrera, 878 F.2d 997, 1002 (7th Cir.1989) (defendant considered participant for application of Sec. 3B1.1)). See also United States v. Carson, 9 F.3d 576, 584 (7th Cir.1993) ("A defendant receiving a 'leader or organizer' enhancement under Sec. 3B1.1(a) must have at least some control ... over at least four other participants in the offense.") (citing United States v. Schweihs, 971 F.2d 1302, 1318 (7th Cir.1992); United States v. McGuire, 957 F.2d 310, 317 n. 4 (7th Cir.1992); Reid, 911 F.2d at 1465 n. 8), cert. denied, 1994 WL 261060 (Oct. 3, 1994); United States v. Cantero, 995 F.2d 1407, 1414 (7th Cir.1993) (noting that the district court properly found defendant to be a participant). Hence, there is no question that the district court had the authority to count Montenegro as a participant to the conspiracy. By Montenegro's own admission--that the conspiracy involved himself and four other participants--the district court's finding that there were five participants was indisputable. Because Montenegro has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness, he was not deprived of effective assistance of counsel. Accordingly, the judgment of the district court is AFFIRMED.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Three co-defendants, Santos Pacheco, Jorge Molina and Dimas Antonio Moreno, pleaded guilty prior to trial. The fourth co-defendant, Ramon Gomez-Rios, was never arrested and remains a fugitive from justice
 
 
 [2]
 On August 10, 1993, Montenegro's appointed counsel filed an appellate brief on Montenegro's behalf. Montenegro subsequently requested that his counsel withdraw from the case. This request was granted and on January 1, 1994, new counsel was appointed and the previously filed brief was stricken. A second appellate brief was duly filed. Montenegro now requests permission to file a pro se supplemental appellate brief. As Montenegro is represented by appellate counsel, we deny this request