UNITED STATES of America, Plaintiff,

v.

Miguel MONTENEGRO, Defendant.

No. 95 C 4865.

United States District Court,
N.D. Illinois,
Eastern Division.

April 4, 1996.

Asst. U.S. Atty., United States Attorney's Office, Chicago, Illinois, for Plaintiff.

Miguel Montenegro, Greenville, Illinois, Pro Se, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Defendant Miguel Montenegro has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant also has filed a motion for leave to expand the record pursuant to Rule 7 of the Rules Governing Proceedings under 28 U.S.C. § 2255. For the reasons that follow, the court denies defendant's motions.

## I. BACKGROUND

On March 26, 1992, defendant was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). This court sentenced defendant to 240 months' imprisonment on each count, to run concurrently. Defendant appealed his sentence, which the Seventh Circuit affirmed. Defendant now wants this court to vacate his conviction and sentence and order a new trial, based on defendant's claim that his trial and appellate counsel were ineffective.

## II. DISCUSSION

### A. Ineffective assistance of trial counsel

Defendant raises a litany of claims regarding his trial counsel's ineffectiveness. Defendant claims that trial counsel did not prepare a timely defense; merely "argued" in his opening statement; conducted a deficient and superficial cross-examination of Agent Tovar; failed to object to the admission of co-defendant Molina's testimony; "coerced and misled" defendant into waiving his right to testify at trial; failed to interview and call at trial a potential witness; conducted an insufficient cross-examination of co-defendant Molina; failed to object to the expert testimony of Agent Michael Hillebrand; failed to question Agent Tovar regarding whether defendant's fingerprints were on the bags of cocaine seized when defendant was

arrested; and was so affected by a toothache that he rushed through defendant's defense and took an over-the-counter painkiller.

■ A defendant bears a heavy burden when challenging counsel's effectiveness. *United States v. Fish,* 34 F.3d 488, 491 (7th Cir.1994) (citing *United States v. Jimenez,* 992 F.2d 131, 134 (7th Cir.1993)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Counsel is deemed ineffective only if a defendant demonstrates that "counsel's performance 'fell below an objective standard of reasonableness'.... [and] there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Fish,* 34 F.3d at 491 (quoting *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068).

■ Having presided over defendant's trial, this court is fully cognizant of defendant's counsel's representation of defendant, and finds it much more than adequate. Defendant's trial counsel, Nicholas DeJohn, succeeded in barring some of the government's key evidence from admission at trial. He conducted effective cross-examinations of the government's witnesses. Through his defense, DeJohn attempted to create reasonable doubt about defendant's guilt; this was the only plausible defense available to defendant. DeJohn was prepared for trial, and wisely waited to hear the government's case against defendant before adhering to a certain defense strategy. If DeJohn advised defendant not to testify, such advice very likely was part of DeJohn's trial strategy, particularly considering that defendant could have received an increased sentence if he perjured himself at trial. Moreover, at trial, the court asked defendant numerous questions to determine whether he voluntarily chose not to testify, and defendant repeatedly stated that he did not want to testify. Defendant stated that he reached this decision voluntarily and after discussing the ad-

vantages and disadvantages of testifying with his attorneys.

In sum, the court finds that DeJohn's decisions that defendant now criticizes were part of DeJohn's trial strategy, which appeared to the court to be a sound one. Therefore, defendant has not shown that his trial counsel's performance fell below an objective standard of reasonableness.

■ Furthermore, even if defendant's counsel's performance fell below an objective standard of reasonableness, defendant's ineffective assistance claim still fails, because defendant has not shown that he was prejudiced by counsel's performance. The evidence presented at trial against defendant was overwhelming. For example, defendant's co-defendants testified against him and fully explained defendant's role in the drug transaction. The court, and apparently the jury, found the co-defendants' and other government witnesses' testimony credible. The substantial evidence at trial fully supported the jury's verdict of guilty on both counts. Thus, even if defendant's counsel made some errors at trial, those errors were not enough to overcome the rest of the evidence presented against defendant.

Accordingly, the court finds that defendant has not met the *Strickland* test for showing ineffective assistance of counsel, and that his sentence should not be vacated or set aside based on his ineffective assistance of trial counsel claim.

## B. *Ineffective assistance of appellate counsel*

■ Defendant also claims he was denied effective assistance of counsel on appeal. Defendant claims that after he requested that his appellate counsel withdraw from his case and new counsel was appointed, the new counsel merely re-submitted the original counsel's opening appellate brief, which the Seventh Circuit previously had stricken. Therefore, according to defendant, the second counsel failed to render effective assistance and misled defendant into believing that he had filed a new brief.

Defendant's claim is baseless. After defendant filed his appeal, his counsel and the government fully briefed the appeal. However, defendant filed his own *pro se* brief, moved to have his counsel dismissed, and moved to be allowed to proceed *in forma pauperis*. The Seventh Circuit struck all briefs and appointed new counsel for defendant. The new counsel filed a new opening appellate brief, based in part on the first brief but framed in terms of ineffective assistance of counsel, which was not raised in the first brief.

Defendant again filed a *pro se* brief and motion for leave to refile his *pro se* brief as his amended opening brief. Defendant's counsel then moved for leave to withdraw his brief and for leave to withdraw as counsel for defendant. Defendant filed a *pro se* motion for appointment of new counsel. The Seventh Circuit denied all motions. Defendant apparently obtained another lawyer, who moved to strike the brief filed by defendant's second counsel and for leave to file a third opening brief. The court denied the motion, decided the case based on the second opening brief's arguments, and affirmed the trial court's sentence.

Thus, as a matter of fact, defendant's claim is meritless because his second counsel did not file the same opening brief as his first counsel. Furthermore, the first brief was stricken not because of its lack of merit but because of defendant's own actions. In fact, the convoluted appellate history of this case is due not to appellate counsel's performance but to defendant's manipulating of the legal system. Defendant has not shown that his appellate counsel—any one of them—was ineffective in any way.

Accordingly, the court denies defendant's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255.

## C. *Motion for leave to expand the record*

Because the court was able to decide defendant's motion based on the parties' submissions to the court and the court's clear recollection of defendant's trial, it finds no need to expand the record. Accordingly, the court denies defendant's motion to expand the record.

### III. *CONCLUSION*

For the foregoing reasons, the court denies defendant Miguel Montenegro's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and for leave to expand the record pursuant to Rule 7 of the Rules Governing Proceedings under 28 U.S.C. § 2255.