Guy C. JOHNS, Petitioner,

v.

Jerry D. GILMORE, Respondent.

No. 99 C 2618.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 18, 1999.

Guy C. Johns, Pro se.

Adrian Jorge Barrio, Illinois Attorney General's Office, Chicago, IL, for Respondent.

### AMENDED MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Guy Johns petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On May 19, 1987, Johns pled guilty to murder, attempted murder, armed violence, aggravated battery, and unlawful restraint. The trial court sentenced Johns to 5 years' imprisonment for aggravated battery and unlawful restraint, and to 30 years for the remaining charges, to be served concurrently. Previously, in an order issued on August 10, 1999, we denied the State's motion to dismiss on grounds of untimeliness. Thereafter, on September 21, 1999, we denied Johns' petition. Johns subsequently filed a motion for reconsideration. After careful review of all Johns' additional pleadings, we again deny his petition and his new motion. (28–1). We have decided to issue the amended opinion which contains a full analysis of Johns' new pleadings to complete the record.

### BACKGROUND

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are correct. 28 U.S.C. § 2254(e)(1). Accordingly, we adopt the facts as set forth by the Illinois Appellate Court. *People v. Johns*, 260 Ill.App.3d 1116, 221 Ill.Dec. 466, 675 N.E.2d 661 (1994).

On January 12, 1985, Johns and two other men were in Sharon Mukes' apartment in Chicago, Illinois. Gregory Tucker, Mukes' boyfriend, entered the apartment and demanded that the three men leave. Words were exchanged between Tucker and Johns, a fight ensued, and Johns stabbed both Tucker and Mukes. Johns followed Tucker into a nearby bedroom and threw Tucker out of a seventh story window. Tucker died as a result of the stab wounds and the fall, but Mukes survived.

Represented by an assistant public defender, Johns pled guilty to the charges against him. On June 16, 1987, defense counsel informed the trial court that Johns wanted to withdraw his guilty plea. On June 18, 1987, Johns filed a *pro se* motion to withdraw his guilty plea, arguing that he pleaded guilty because his attorney erroneously advised him on a witness's availability to testify at trial. Defense counsel also filed a motion on Johns' behalf to withdraw the guilty plea and for the appointment of new counsel. The trial court informed Johns that it would issue no decision on the appointment of new counsel until it had ruled on the motion to withdraw.

On July 15, 1987, Johns appeared *pro se* and filed his own motion for appointment of counsel other than the public defender's office. The hearing was continued until July 28, 1987, and Johns was represented by an assistant public defender. After hearing the evidence, the trial court denied Johns' motion to withdraw the guilty plea. The court then sentenced Johns, but incorrectly admonished him as to his rights on appeal. Johns appealed.

On August 11, 1989, the Illinois appellate court remanded Johns' case for further proceedings, finding that Johns should have been afforded the opportunity to present the motion to withdraw his guilty plea with the assistance of counsel who would not present a conflict of interest to him. On remand, the trial court appointed new counsel to represent Johns. After a significant delay, Johns appeared before the trial court on October 29, 1990, arguing that he was denied effective assistance of newly appointed counsel because his attorney made minimal effort to contact him. Johns also asserted that the trial court was involved in a conspiracy against him. The trial court continued the matter until November 20, 1990, and Johns again challenged the effectiveness of his current counsel. After hearing the evidence and arguments, the trial court again denied Johns' motion to withdraw the guilty plea. Johns filed his second notice of appeal and an assistant state appellate

defender was again appointed to represent him.

On appeal, Johns contended that his trial counsel's failure to file a certificate of compliance in accordance with Supreme Court Rule 604(d) (134 Ill.2d R. 604(d)) constituted reversible error. The appellate court agreed, again reversing the trial court's judgment denying Johns' motion to withdraw his guilty plea and remanding the case for further proceedings. *People v. Johns*, 260 Ill.App.3d 1116, 221 Ill.Dec. 466, 675 N.E.2d 661.

On remand, the trial court yet again denied Johns' motion, and Johns filed his third appeal. Johns argued that he should be allowed to withdraw his guilty plea because the trial court failed to comply with Supreme Court rule 402(b), which requires that the court confirm the terms of the plea in open court. This time, the appellate court affirmed the trial court's rejection of Johns' motion to withdraw. *People v. Johns*, Rule 23 Order, No. 95–2608. The appellate court found that, based upon the record before it, the trial court substantially complied with Rule 402(b) and that Johns fully understood the terms of the plea agreement.

On December 30, 1996, Johns filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court, challenging the Illinois appellate court's finding that the trial court had substantially complied with Rule 402. Johns argued that the State had promised to *nolle prosse* several of the charges to which he pleaded guilty, and that this confusion warranted reversal. The Illinois Supreme Court summarily denied Johns' PLA. The United States Su-

preme Court denied Johns' petition for a writ of certiorari on November 3, 1997.

■ Johns subsequently filed a petition for a writ of habeas corpus, raising eight issues[1] that he believes entitle him to relief: 1) certain Chicago police officers conspired with an assistant state's attorney to commit acts of official misconduct; 2) he was "denied the identity" of an eyewitness against him; 3) unnamed Chicago police officers manufactured evidence against him; 4) Chicago police officers willfully omitted Sharon Mukes' favorable statements in their police report; 5) Chicago police officers fabricated incriminating statements and attributed them to Johns; 6) Chicago police officers falsified statements that Mukes allegedly made to police officers; 7) the State's failure to provide a prompt preliminary examination and counsel during an identification lineup violated Johns' constitutional rights; and 8) his guilty plea was involuntary.

## ANALYSIS

Johns filed this habeas corpus petition on March 5, 1997, and therefore it is governed by the recent amendments to 28 U.S.C. § 2254. Before addressing the merits of these claims, we must first determine whether Johns' federal claims are properly before us.

### A. Procedural Default

■ Johns is not entitled to federal habeas relief unless he exhausted all available state remedies and fairly presented his constitutional claims to the state courts. *Momient–El v. DeTella*, 118 F.3d

---

1. The State argues that Johns raises only six issues in his habeas petition, ignoring Johns' contentions that: 1) the State's failure to provide a prompt preliminary examination and to provide counsel during an identification lineup violated Johns' constitutional rights; and 2) that his guilty plea was involuntary. Although Johns' *pro se* habeas petition only identifies the six issues cited by the State, Johns also discusses at great length the additional two arguments in filings attached to, and submitted the same day as, his habeas

petition. Considering the nature of the filings and Johns' *pro se* status, the Court will address these additional arguments as well. However, to the extent that Johns' reply habeas brief attempts to raise an ineffective assistance of trial counsel argument, that argument is clearly waived. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir.1994) (stating that arguments raised for the first time in a reply brief are deemed waived despite the fact that the defendant is proceeding pro se).

535, 538 (7th Cir.), *cert. denied,* 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If Johns fails to satisfy these requirements, the petition is barred either for a failure to exhaust state remedies or for procedural default. *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988). The State concedes that Johns exhausted his state remedies, but argues that Johns' claims are procedurally defaulted. Accordingly, the threshold inquiry is whether any of Johns' claims are barred from habeas review due to procedural default. *See Moore v. Parke,* 148 F.3d 705, 708 (7th Cir.1998) (finding that habeas relief should be denied if the state courts did not have a "full and fair opportunity" to resolve a petitioner's claims.)

■ The procedural default inquiry focuses on whether the petitioner's federal claims were "fairly presented" to the state courts. *Verdin v. O'Leary,* 972 F.2d 1467, 1474 (7th Cir.1992). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir.1992). Notwithstanding a procedural default, habeas review may still be available if the petitioner can show cause for the default and actual prejudice, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*

■ It is undisputed that Johns did not present his first seven federal claims to the Illinois appellate or Supreme courts. Johns' numerous state court appellate arguments focused upon the voluntariness of his confession, and, to some extent, ineffective assistance of counsel. Although Johns raised at the trial level allegations concerning the Chicago police department's consti-

tutionally offensive behavior, and the State's alleged failure to provide a proper preliminary examination or counsel during an identification lineup, Johns admits that these claims were never raised to the Illinois appellate court.

■ In an attempt to assert cause, Johns argues that his appellate counsel rendered constitutionally deficient representation for failing to raise these claims on appeal. *See Coleman v. Thompson,* 501 U.S. 722, 753–54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default). "However, in order to prevail on such a claim, the petitioner must present more than her own self-serving and conclusory statement." *United States v. Dumlao,* No. 97 C 6301, 1997 WL 756182 *4 (N.D.Ill. Sept. 13, 1999). Rather, Johns must present evidence demonstrating that his attorney's performance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We find that Johns cannot satisfy *Strickland,* which requires a petitioner to show both deficient performance and prejudice. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. This requires a showing "that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052. Second, a defendant must show that he or she was prejudiced by counsel's deficient performance. *Id.* To meet this showing, the defendant must establish that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ Johns contends that his appellate counsel should have raised numerous issues concerning exonerating statements Mukes allegedly made to police officers,

police misconduct, and a conspiracy against Johns involving the police, the prosecution, defense counsel, and even the trial court. At the outset we note that Johns must overcome a strong presumption that his attorney's performance fell within an objective standard of reasonableness. *Kubat v. Thieret*, 867 F.2d 351, 359 (7th Cir.1989). The Seventh Circuit has repeatedly stated that habeas petitioners raising ineffective assistance of counsel claims must clear a "high hurdle." *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir.1994). "Indeed, we expect that few petitioners will be able to pass through the 'eye of the needle' created by Strickland." *Sullivan v. Fairman*, 819 F.2d 1382 (7th Cir.1987); *see also United States v. Jimenez*, 992 F.2d 131, 134 (7th Cir.1993) (stating that a prisoner faces an uphill battle in establishing a successful ineffective assistance of counsel challenge).

■ Johns' task is even more difficult here, where his appellate counsel [2] convinced the Illinois appellate court on two occasions to remand Johns' case, first to determine whether he should be allowed to withdraw his guilty plea and later because trial counsel failed to file a Rule 604(d) certificate. We presume that Johns' counsel chose not to advance every possible claim on appeal and concentrated on the claims that appeared most likely to succeed. The "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (citations and quotations omitted). Johns has not demonstrated that counsel's decision to focus on the guilty plea claim was anything other than sound trial strategy. As such, we find that Johns cannot establish that appellate counsel's representation fell below an objective standard of reasonableness.

Johns insists that he was prejudiced by appellate counsel's failure to raise these issues. Johns alleges that, while in the hospital, Mukes informed police that someone other than Johns was her assailant, but the police were determined to pin the crime on Johns. In doing so, the police manufactured evidence, coaxed Mukes to change her story, and garnered the acquiescence of the prosecution, defense counsel, and the trial court. John contends the outcome of the state court criminal proceedings would have been different if appellate counsel had raised these argument.

■ We disagree. Johns has not produced any evidence to support his conspiracy theory, such as an affidavit from Mukes verifying Johns' characterization of her statements. The record is devoid of evidence substantiating Johns' charges. Conclusory allegations are insufficient to warrant habeas relief. *McCleese*, 75 F.3d at 1178. " 'Self-serving testimony' does not overcome [the] court's findings that [Johns'] prior conviction was constitutionally obtained." *Cuppett v. Duckworth*, 8 F.3d 1132 (7th Cir.1993) (quoting *United States v. Banks*, 964 F.2d 687, 693 (7th Cir.1992)). Due to the paucity of evidence supporting Johns' arguments, there was little chance that they would have succeeded. Therefore, appellate counsel's failure to raise these issues on appeal could not have prejudiced Johns.

Because Johns' remaining claim—that his guilty plea was involuntary—was fairly presented to the Illinois courts, we will analyze the merits of this contention.

## B. Merits

■ Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA), a federal court must deny habeas relief unless the state court's adjudication "resulted in a decision contrary to, or involved an unreasonable application of,

---

**2.** Johns does not identify which of his various counsel was ineffective, or at what stage of

the appellate process counsel should have raised these issues.

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The standard for mixed questions of law and fact is whether the state court's application of clearly established Supreme Court law was reasonable. *Spreitzer v. Peters*, 114 F.3d 1435, 1441 (7th Cir.1997). A state court has reasonably applied Supreme Court caselaw if its application is "at least minimally consistent with the facts and circumstances of the case." *Id.* at 1442. Under this limited analysis, the state court's decision must stand "if it is one of several equally plausible outcomes." *Ashford v. Gilmore*, 167 F.3d 1130, 1134 (7th Cir.1999), *quoting Hall v. Washington*, 106 F.3d 742, 749 (7th Cir.1997).

■ Johns claims that because his guilty plea was unknowing and involuntary, habeas relief is warranted. A plea is knowing and voluntary when the defendant possesses an understanding of the "law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *see also Parke v. Raley*, 506 U.S. 20, 28–29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Unless the accused "received real notice of the true nature of the charges against him," the plea does not pass constitutional muster. *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (citations omitted). To satisfy its burden, the State must demonstrate that the plea was made without coercion, with adequate knowledge of what the plea encompassed, and with the understanding of the plea's repercussions. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

After examining the record, we cannot conclude that the Illinois appellate court's review of this issue was contrary to well established federal law. The appellate court evaluated Johns' guilty plea under the appropriate standards:

> Here, the trial court did not question the defendant and confirm the final terms of the plea agreement in the literal language of the rule. However, defendant was present when the plea negotiations were presented to the court; he indicated that he was entering into the plea knowingly and voluntarily; the court explained the charges to defendant and what the penalties were for each offense; and after the plea, when the court recited the terms and to what defendant was pleading guilty, defendant failed to indicate that he was confused, that he did not understand the plea agreement or that he believed he was only pleading guilty to murder. Additionally, while defendant claims he believed the other charges were going to be *nolle prossed,* defendant was present when the State requested to *nolle prosequi* some of the charges and recited the remaining charges against him. We are of the opinion that under the facts of the entire record before us, there was substantial compliance with Supreme Court Rule 402(b) and that defendant was fully aware of and understood the terms of the plea agreement he entered. Here, the record does not show that defendant's guilty plea was entered as a result of a misapprehension of the law or fact, nor does defendant raise a defense or a doubt as to his guilt. Because there is no manifest injustice shown by these facts, we conclude that the trial court did not abuse its discretion in denying defendant's motion to vacate his guilty plea.

*People v. Johns,* Rule 23 Order, No. 95—2608 at *5–6.

■ The Illinois appellate court reviewed the record to determine whether the plea was made without coercion, whether Johns was fully informed as to what the plea encompassed, and whether Johns understood the repercussions of entering into the plea. As such, the Illinois appellate court complied with well established federal law. Moreover, we agree that their finding—that Johns' plea was voluntary—was reasonable under the facts of this case. Therefore, we find that

Johns' claim is without merit and dismiss his petition for writ of habeas corpus.

## CONCLUSION

For the reasons set forth above, we deny Johns' petition for a writ of habeas corpus. The Clerk of the Court is instructed to enter an amended judgment pursuant to Federal Rule of Civil Procedure 58, in favor of the respondent.