[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

No. 09-13285
Non-Argument Calendar

_____

D. C. Docket No. 08-00411-CR-J-24-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM RAYMOND MILLER, II,
a.k.a. Ray Miller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2011)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

William Raymond Miller, II appeals his convictions and 121-month sentence for wire and mail fraud in violation of 18 U.S.C. §§ 1341 & 1343. Miller contends that: (1) the government breached his written plea agreement by failing to recommend a sentence at the low end of the sentencing guidelines and by presenting evidence of his prior offenses at sentencing; (2) the district court's order directing him to pay restitution constituted a breach of his plea agreement; (3) his sentence was based on false and erroneous testimony; (4) his sentence constitutes "unfair and unreasonable" punishment because the district court incorrectly calculated the loss amount resulting from the fraud; and (5) the district court erred by striking his Rule 35(a) motion based on a violation of the district court's local rules without considering it on the merits.

I.

Miller, with the benefit of a written plea agreement, pleaded guilty to one count of wire fraud and one count of mail fraud. On June 16, 2009, the district court entered its judgment against him, sentenced him to 121 months imprisonment and ordered him to pay restitution in the amount of $3,243,890.62.

In the plea agreement the government agreed not to seek further charges against Miller and to recommend that Miller receive a sentence at the low end of the guideline range as calculated by the district court. The government reserved

the right to disclose "all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of [his] criminal activities . . . not limited to the count(s) to which the defendant pleads." In exchange, Miller agreed to waive his right to appeal any sentence imposed directly or collaterally, except if the sentence: (1) exceeded the maximum permitted by statute; (2) was the result of an upward departure and/or variance from the guideline range that the court establishes at sentencing; or (3) violated the Eighth Amendment. The plea agreement also indicated that Miller would be required to pay restitution to "any victim of the offense" pursuant to 18 U.S.C. § 3663.

The government proffered that, beginning in March 2005 and continuing until April 2008, Miller used various business entities to sell surety bonds on construction projects throughout the country. In order to induce contractors to purchase the bonds and project managers to accept them, Miller would falsely represent that his companies were affiliated with legitimate insurance companies that provided surety bonds. A president of one such legitimate insurance company testified at Miller's sentencing that Miller's victims, often businesses in distressed financial conditions, spent thousands of dollars on "worthless pieces of paper."

Over the course of his fraudulent scheme, Miller issued surety bonds in the amount of $530 million, and he received payments in the amount of $22.5 million.

The district court calculated Miller's sentencing guideline range as 97–121 months, and the government recommended a sentence of 97 months, which the government argued was "the least amount of time that he should serve." Instead, the court imposed a sentence of 121 months imprisonment, noting that Miller had engaged in various fraudulent schemes throughout the country since 1992, he had continued his current fraud after being confronted by law enforcement, and he had perpetuated fraud in Maryland, been ordered to pay restitution, and failed to do so.

The district court then held a hearing to determine the amount of Miller's restitution. Relevant to this appeal, David Thomas, president and owner of D.A. Thomas Construction Company, appeared at the hearing claiming to be a victim of Miller's bond-scheme. Miller objected, stating that Thomas' testimony related to events that occurred after his plea of guilty and to a company with which he was not affiliated. The court noted that Thomas' testimony referred to events occurring outside the timeframe set out in the plea agreement, however, the district court still considered the testimony because the probation officer stated that a "scheme to defraud" need not have a specific timeframe. The district court found that the company involved in the fraud on Thomas "was a continuation of Mr.

4

Miller's fraudulent activity" and that "Thomas [was] a victim of the continuing fraudulent scheme involving Mr. Miller." The court ordered restitution to Thomas in the amount of $259,495.00, and total restitution in the amount of $3,243,890.62.

## II.

Normally, we review de novo whether the government has breached a plea agreement. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). However, because Miller did not allege a breach of the plea agreement at sentencing, we review his claim only for plain error. United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000). In order for this court to correct an error under plain error review, "(1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Gallego, 247 F.3d 1191, 1196 (11th Cir. 2001) (quotation marks and alteration omitted).

In determining whether the government has breached a plea agreement, we must first determine the defendant's reasonable understanding of the government's promise at the time he entered into the plea agreement. United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). The government "is expected to be an advocate

for the sentence set forth in the plea agreement." United States v. Grandinetti, 564 F.2d 723, 727 (5th Cir. 1977).[1] In Grandinetti we held that the government breached its plea agreement with the defendant when the prosecutor stated that, although the government was bound by the agreement, he doubted its legality or propriety. Id. In other words, the government breaches a plea agreement when it argues against the sentence it is bound by the agreement to recommend. Since Grandinetti, the Supreme Court has clarified, however, that unless specified within the agreement, "enthusiasm" for the terms of the agreement is not required. United States v. Benchimol, 471 U.S. 453, 455–57, 105 S. Ct. 2103, 2104–05 (1985).

Miller argues that the government breached his plea agreement by failing to argue for a sentence at the low end of his guidelines range of 97 to 121 months because the prosecutor argued that 97 months was the "least amount of time that [Miller] should serve." The government also stressed that:

> Any sentence below 97 months will fail to reflect the seriousness of the offense, promote respect for the law, deter the defendant and other like-minded individuals . . . and protect the public from further crimes of the defendant . . . . [A] sentence of 97 months is a just and deserving punishment for the crimes the defendant committed.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

Those comments, however, came in response to Miller's request for a a downward departure. The government made clear that it was recommending that Miller receive a sentence of 97 months imprisonment, a sentence at the bottom of the guidelines range. Therefore, the government did not breach the plea agreement.

Miller also argues that the government breached his plea agreement by presenting evidence of Miller's previous frauds and by adopting an overly aggressive approach at sentencing, describing his crimes as "sophisticated" and condemning the "boldness and audacity of the fraud." Miller's argument is without merit. The government does not breach a plea agreement by disclosing pertinent factual information to the court so long as the plea agreement does not forbid it and the government complies with the sentencing recommendation. United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008). Nothing in Miller's plea agreement limited the amount or type of evidence the government could introduce at sentencing, and the government complied with the agreed upon sentencing recommendation.

III.

Miller also argues that the district court's order of restitution constituted a breach of the plea agreement because it related to an unadjudicated offense, which had not been identified or contemplated within the plea agreement. This claim is

without merit. Miller's plea agreement indicated that he would be required to pay restitution to "any victim" of his offenses, and the district court found that Thomas was a "victim" because Miller's fraudulent activity was ongoing. To the extent that Miller argues the district court erred in determining that Thomas was a victim of Miller's offenses, such a claim is barred by the appeal waiver because a restitution order is considered part of a defendant's sentence. See 18 U.S.C. § 3663A(a)(1) (when sentencing a defendant . . . the court shall order . . . that the defendant make restitution to the victim of the offense); United States v. Johnson, 541 F.3d 1064, 1067 (11th Cir. 2008) ("[A] waiver of the right to appeal a sentence necessarily includes a waiver of the right to appeal the restitution imposed.").

## IV.

Miller also raises two challenges to his sentence. First, he argues that his sentence violates due process because the district court relied on false and erroneous testimony to determine that his fraudulent activity continued after he was under investigation by the government. Second, Miller argues that his sentence is constitutionally disproportionate under the Eighth Amendment because the district court incorrectly calculated the loss amount resulting from the fraud.

The government contends that Miller's sentencing claims are barred by his waiver of appeal.

We review the validity of a sentence appeal waiver de novo. Johnson, 541 F.3d at 1066. A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Id.

Miller entered into a valid sentence appeal waiver that bars his two sentencing claims to the extent that they do not fall within one of the three narrow exceptions to the waiver. The record indicates that Miller was specifically questioned regarding his appeal waiver during his plea hearing, and he stated that he understood that he was waiving his right to appeal his sentence. To the extent that Miller argues that the appeal waiver is unenforceable because the government breached his plea agreement, he has failed to show that any breach occurred. Thus, insofar as Miller argues that he was deprived of due process based on the district court's consideration of false or erroneous testimony, and to the extent that he challenges the district court's calculation of the amount of loss from the fraud

and the effect of that finding on his guidelines range, his claims are barred by his appeal waiver.

Although Miller's contention that the application of the guidelines resulted in a constutionally disproportionate sentence in violation of the Eighth Amendment falls within an exception stated in the appeal waiver, it nevertheless fails on the merits. The Eighth Amendment does contain "a narrow proportionality principle that applies to noncapital sentences," Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003), and does forbid the imposition of a sentence that is "grossly disproportionate" to the offense committed, United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005). However, "[o]utside the context of capital punishment, there are few successful challenges to the proportionality of sentences." United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir. 2006). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005). Here, Miller's 121-month sentence falls well below the 20-year statutory maximum applicable to his offenses, and his sentence is not otherwise "grossly disproportionate" to his offenses in light of the magnitude of the fraud. See 18 U.S.C. §§ 1341, 1343; Moriarty, 429 F.3d at 1024.

10

V.

The district court struck Miller's Rule 35(a) motion to modify his sentence upon the government's motion based on its local rule, which provides that "[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court." M.D. Fla. Rule 2.03(d). Miller argues that his due process rights were violated because he was denied the opportunity to seek reconsideration of his sentence despite the fact that three of his four attorneys had withdrawn and all of his attorneys had indicated to him that they would not file any additional motions on his behalf.

It is undisputed that Miller was represented by counsel when he filed his pro se Rule 35(a) motion. Accordingly, the district court properly struck his motion pursuant to its local rules. Additionally, even if the district court erred by failing to give Miller an opportunity to respond to the government's motion to strike his Rule 35(a) motion, any error was harmless because Miller's motion was without merit. Miller contended in his motion that the district court had not been informed of certain facts related to the payment of restitution ordered in a Maryland judgment against him, which the district court had considered when it sentenced him. That claim was not cognizable in a Rule 35(a) motion because it did not

relate to an "arithmetical, technical or other clear error" in sentencing that would almost certainly require remand. United States v. Lett, 483 F.3d 782, 788 (11th Cir. 2007) (a "clear error" is one that is "obvious," which would "almost certainly result in a remand of the case to the trial court for further action," such as the application of the wrong sentencing guideline). Accordingly, because the district court properly followed local rules in striking Miller's motion, and the Rule 35(a) motion was without merit, the district court did not err by striking Miller's motion.

**AFFIRMED.**