[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12969
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

D. C. Docket No. 3:08-CR-00411-MMH-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM R. MILLER, II,
a.k.a. Ray Miller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 30, 2011)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

William Raymond Miller, II was sentenced to 121 months imprisonment after pleading guilty to wire and mail fraud in violation of 18 U.S.C. §§ 1341 & 1343. Miller appeals the district court's denial of his motions to vacate his plea agreement and withdraw his plea of guilty because the district court denied the motions without considering them on the merits. Miller also contends that his plea agreement was breached and that his sentence is clearly erroneous. The government contends that we do not have jurisdiction to consider the claims related to Miller's plea agreement or sentence.

On June 16, 2009 the district court entered its judgment against Miller, and Miller filed a pro se notice of appeal from that judgment on June 26, 2009. On November 5, 2009 Miller filed motions to vacate his plea agreement and to withdraw his guilty plea. Before the district court ruled on his motions, this Court granted Miller's "motion for a stay of appeal pending ruling on [his] motion to vacate plea" on December 16, 2009. The district court then denied both of Miller's motions on May 14, 2010, finding that under Fed. R. Crim. P. 11(e) it lacked the authority to grant Miller's motion to withdraw his plea and instructing him that his claims should instead be brought in a § 2255 motion. Miller moved for reconsideration, which the district court denied on June 16, 2010.

Miller then filed two more notices of appeal: (1) a pro se notice of appeal specifying that he sought to appeal the district court's June 16 denial of his motion for reconsideration, and (2) a counseled notice of appeal challenging the May 14 order on the merits. For the sake of simplicity, we will construe Miller's counseled notice of appeal as an appeal from both the May 14 order denying Miller's motions and the June 16 order denying his motion for reconsideration. In response to the government's motion to dismiss Miller's appeal, this Court issued an order stating that the scope this appeal was limited to the orders denying his motion to withdraw his plea and his motion for reconsideration.

## I.

Miller argues that the district court erred by denying his motions to vacate his plea agreement and to withdraw his guilty plea without considering them on the merits.

Federal Rule of Criminal Procedure 11 provides that "[a] defendant may withdraw a plea of guilty. . . after the court accepts the plea but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal . . . . After the court imposes sentence . . . the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(d)(2)(B) and (e).

3

Furthermore, the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend that judgment. United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003). Federal Rule of Appellate Procedure 12.1(a) states that:

> If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

Fed. R. App. P. 12.1(a) (emphasis added). Eleventh Circuit Rule 12.1-1(a) states that:

> A party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay the appeal until the district court rules on the motion before it. If this court stays the appeal, the party who filed the motion in the district court must, unless this court orders otherwise, file written status reports at 30-day intervals from the date of this court's order informing this court of the status of the district court proceedings.

11th Cir. R. 12.1(a). In order for the district court to grant substantive relief on a motion related to a judgment on which an appeal is pending, it must: (1) determine that the motion raises a "substantial issue;" and (2) inform this Court of its intention to grant the motion, such that this Court may return jurisdiction to the

4

district court. 11th Cir. R. 12.1-1(c)(2) and (d). The district court may deny the motion without remand from this Court. See 11th Cir. R. 12.1-1(c)(1) and (d).

The first mention Miller made of his desire to withdraw his plea came after his sentence was imposed. The district court correctly found that it could not grant either Miller's motion to withdraw his guilty plea or his motion to vacate his plea agreement, which would thus permit him to withdraw his guilty plea. See Fed. R. Crim. P. 11(e). Additionally, because Miller had already filed a direct appeal of his sentence and conviction and we had not remanded the case to the district court for a ruling on Miller's motions, the district court lacked jurisdiction to grant Miller's motion.

## II.

Miller argues that the government breached his plea agreement and that his sentence was clearly erroneous. As we discussed earlier, however, Miller's counseled notice of appeal, even liberally construed, only related to the denial of his motions to vacate his plea agreement and withdraw his guilty plea and the denial of his motion for reconsideration. His notice of appeal did not relate to his claims that the government breached his plea agreement or that his sentence was clearly erroneous. Accordingly, as this Court stated in its January 28 order, "[t]he scope of the appeal is limited to the May 14 order and the June 16, 2010 denial of

5

the motion for reconsideration, and does not encompass the final judgment and sentence, imposed on September 16, 2009." Therefore, Miller's claims related to his conviction and sentence are dismissed because they are outside the scope of this appeal and we lack jurisdiction to consider them. See Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987); Fed. R. App. P. 3(c)(1)(B).

Furthermore, Miller raised the same issues in his direct appeal from his judgment and sentence. We are addressing those issues in a separate opinion. See United States v. Miller, No. 09-13285 (11th Cir. 2011).

**AFFIRMED IN PART, DISMISSED IN PART.**