**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5005**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RICHARD OLISLAGER,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:07-cr-00030-BO-1)

———————————

Submitted:  June 24, 2011         Decided:  July 21, 2011

———————————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a prior appeal, we remanded this case for resentencing, having determined that the district court failed to provide an individualized explanation for its determination that a 235-month sentence was an appropriate sentence to impose on Richard Olislager following his guilty plea to receiving child pornography in violation of 18 U.S.C. § 2252(a) (2006). On remand, the district court again sentenced Olislager to 235 months, the bottom of the properly calculated advisory guideline range. Olislager again appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the sentence imposed was unreasonable because the district court did not consider all of the sentencing factors, see 18 U.S.C. § 3553(a) (2006), and asserting that the Government, by explaining the error that led to its agreement to make a sentencing recommendation, undermined the recommendation and thus breached the plea agreement. Olislager filed a pro se brief challenging two enhancements to his offense level determined under the Sentencing Guidelines. Finding no error, we affirm Olislager's sentence.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the

2

procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

In his pro se brief, Olislager contends that his sentence is unreasonable because his offense level was enhanced based on the use of a computer for possession, transmission, receipt or distribution of materials, and also for a pattern of activity that involved sexual abuse or exploitation of a minor, relying on Olislager's prior conviction and pending state court charges, that were subsequently dismissed. In Olislager's prior appeal, our Anders review included a review of the determination of Olislager's advisory Guidelines range, and we found no error

3

in the application of the enhancement Olislager now challenges. Olislager's challenges to the sentencing enhancements are barred from this court's consideration, under the mandate rule. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court[,]" as well as "issues decided by the district court but foregone on appeal").

Counsel contends that Olislager's sentence is procedurally unreasonable because the district court did not consider all of the § 3553(a) factors, especially, the history and personal characteristics of the Defendant. While the sentencing court is required to consider the factors in § 3553(a), it need not robotically tick through each subsection of § 3553(a). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Here, the court noted that Olislager has a history of predatory sexual conduct and that he is a recidivist. In light of the likelihood of future conduct and the need to protect the public, the court declined Olislager's request and the Government's recommendation for a sentence below the advisory Guidelines range. The court noted that lenient treatment was not warranted in light of the seriousness of the offense and the danger to the public. By this explanation, we are satisfied that the district court has a "reasoned basis for exercising [its] own legal decisionmaking authority." United

4

States v. Engle, 592 F.3d 495, 500 (4th Cir.) (internal quotation omitted), cert. denied, 131 S. Ct. 165 (2010).

We therefore conclude that the district court did not abuse its discretion in imposing the 235-month sentence—the bottom of the advisory Guidelines range. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within guidelines sentence).

Olislager also contends that the Government breached the plea agreement by making the recommendation of a 180-month sentence, as it agreed to do, but also explaining that the agreement to make the recommendation was inadvertently included in the version of the plea agreement that was signed and filed with the court. The Supreme Court has held that a criminal defendant has no right to an "enthusiastic" recommendation by the prosecutor in order to comply with the term in the plea agreement requiring the prosecutor to make a specific recommendation. United States v. Benchimol, 471 U.S. 453, 455-56 (1985); see United States v. Coleman, 208 F.3d 786, 792 (9th Cir. 2000) (concluding that no breach occurs as long as Government's recommendation ("however grudgingly") occurs before sentencing); United States v. Badaracco, 954 F.2d 928, 941 (3d Cir. 1992) ("government need not endorse the terms of its plea

agreements enthusiastically") (internal quotation marks omitted).

Olislager failed to establish that the Government breached its plea agreement. Under the terms of the plea agreement, the Government was obligated to recommend a sentence of 180 months. The Government satisfied this obligation by making that recommendation to the court at sentencing. Although, in response to inquiry by the court, the Government explained that the prosecutor signed and presented the wrong plea agreement and therefore erred by agreeing to this recommendation, it nonetheless made the recommendation of a 180-month sentence to the sentencing court, and therefore fulfilled its obligation. The Government's explanation did not result in a breach of the plea agreement.

In accordance with Anders, we have reviewed the entire relevant to this appeal and have found no meritorious issues. This court requires that counsel inform Olislager, in writing, of the right to petition the Supreme Court of the United States for further review. If Olislager requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Olislager. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED