## UNITED STATES *v.* BENCHIMOL

No. 84–1165.   Decided May 13, 1985

PER CURIAM.

In April 1976, respondent pleaded guilty in the United States District Court for the Northern District of California to an information charging him with one count of mail fraud in violation of 18 U. S. C. § 1341.   Respondent pleaded pur-

suant to a plea bargain whereby the Government agreed to recommend probation on condition that restitution be made. The District Court disregarded the recommendation and sentenced respondent to six years of treatment and supervision under the Youth Corrections Act, 18 U. S. C. § 5010(b). He was released on parole after serving 18 months of his sentence, but a warrant for his arrest because of parole violation was issued in 1978, and he was eventually taken into custody on that warrant in October 1981. A few days before his arrest on this warrant, he filed a motion under Federal Rule of Criminal Procedure 32(d) and 28 U. S. C. § 2255 to withdraw his guilty plea or, in the alternative, to have his sentence vacated and be resentenced to the time already served. He claimed that the Government had failed to comply with its part of the plea bargain upon which his guilty plea was based.

The District Court that had received the guilty plea also heard respondent's application for collateral relief, and denied it. The Court of Appeals by a divided vote reversed that judgment, holding that "when the government undertakes to recommend a sentence pursuant to a plea bargain, it has the duty to state its recommendation clearly to the sentencing judge and to express the justification for it." 738 F. 2d 1001, 1002 (CA9 1984). There is some slight disagreement about the facts surrounding the terms of the plea bargain and its presentation to the District Court, a situation entirely understandable by reason of the lapse of more than five years between the entry of the guilty plea and the hearing on the request for collateral relief. The Court of Appeals had this view of the facts:

> "Benchimol agreed to plead guilty. The government concedes that in exchange for the guilty plea it promised to recommend probation with restitution. However, at the sentencing hearing, the presentence report incorrectly stated that the government would stand silent. Benchimol's counsel informed the court that the government instead recommended probation with restitution.

The Assistant United States Attorney then stated: "That is an accurate representation.'" *Ibid.*

The Court of Appeals concluded that the Government had breached its plea bargain because, although the Assistant United States Attorney concurred with defense counsel's statement that the Government recommended probation with restitution, it "made no effort to explain its reasons for agreeing to recommend a lenient sentence but rather left an impression with the court of less-than-enthusiastic support for leniency." *Ibid.*

We think this holding misconceives the effect of the relevant rules and of the applicable case law. Federal Rule of Criminal Procedure 11(e) provides an elaborate formula for the negotiation of plea bargains, which allows the attorney for the Government to agree to move for dismissal of other charges and to agree that a specific sentence is the appropriate disposition of the case. It also authorizes the Government attorney to make a recommendation for a particular sentence, or agree not to oppose the defendant's request for such a sentence, with the understanding that such recommendation or request shall not be binding upon the court.

It may well be that the Government in a particular case might commit itself to "enthusiastically" make a particular recommendation to the court, and it may be that the Government in a particular case might agree to explain to the court the reasons for the Government's making a particular recommendation. But respondent does not contend, nor did the Court of Appeals find, that the Government had in fact undertaken to do either of these things here. The Court of Appeals simply held that as a matter of law such an undertaking was to be implied from the Government's agreement to recommend a particular sentence. But our view of Rule 11(e) is that it speaks in terms of what the parties in fact agree to, and does not suggest that such implied-in-law terms as were read into this agreement by the Court of Appeals have any place under the Rule.

The Court of Appeals relied on cases such as *United States* v. *Grandinetti*, 564 F. 2d 723 (CA5 1977), and *United States* v. *Brown*, 500 F. 2d 375 (CA4 1974), for the conclusion it reached with respect to the requirement of "enthusiasm," but it appears to us that in each of these cases the Government attorney appearing personally in court at the time of the plea bargain expressed personal reservations about the agreement to which the Government had committed itself. This is quite a different proposition than an appellate determination from a transcript of the record made many years earlier that the Government attorney had "left an impression with the court of less-than-enthusiastic support for leniency." When the Government agrees pursuant to Rule 11(e) to make a recommendation with respect to sentence, it must carry out its part of the bargain by making the promised recommendation; but even if Rule 11(e) allows bargaining about degrees of enthusiasm, there appears to have been none here.

Rule 11(e) may well contemplate agreement by the Government in a particular case to state to the court its reasons for making the recommendation which it agrees to make. The Government suggests that spreading on the record its reasons for agreement to a plea bargain in a particular case—for example, that it did not wish to devote scarce resources to a trial of this particular defendant, or that it wished to avoid calling the victim as a witness—would frequently harm, rather than help, the defendant's quest for leniency. These may well be reasons why the defendant would not wish to exact such a commitment from the Government, but for purposes of this case it is enough that no such agreement was made in fact. Since Rule 11(e) speaks generally of the plea bargains that the parties make, it was error for the Court of Appeals to imply as a matter of law a term which the parties themselves did not agree upon.

For these reasons, we conclude that there was simply no default on the part of the Government in this case, to say nothing of a default remediable on collateral attack under 28

U. S. C. § 2255 or under Federal Rule of Criminal Procedure 32(d), as in effect before August 1, 1983. See *Hill* v. *United States*, 368 U. S. 424, 428 (1962). The petition for certiorari is accordingly granted, and the judgment of the Court of Appeals is

*Reversed.**

JUSTICE STEVENS, concurring in the judgment.

Whether or not the Government complied with Federal Rule of Criminal Procedure 11(e), I agree that the error, if any, was not serious enough to support a collateral attack under Federal Rule of Criminal Procedure 32(d) or 28 U. S. C. § 2255. The error here is "not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Hill* v. *United States*, 368 U. S. 424, 428 (1962). Nor has it resulted in "manifest injustice." Fed. Rule Crim. Proc. 32(d). If the Government erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal. "[T]here is no basis here for allowing collateral attack 'to do service for an appeal.'" *United States* v. *Timmreck*, 441 U. S. 780, 784 (1979) (quoting *Sunal* v. *Large*, 332 U. S. 174, 178 (1947)).

Accordingly, I concur in the judgment.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

The Court today continues its unsettling practice of summarily reversing decisions rendered in favor of criminal defendants, based not on broad principle but on idiosyncratic

---

*Our summary reversals are not as one-sided as the dissent claims. See *per curiam* reversals in *Smith* v. *Illinois*, 469 U. S. 91 (1984); *Thompson* v. *Louisiana*, 469 U. S. 17 (1984); *Payne* v. *Virginia*, 468 U. S. 1062 (1984).

facts and without full briefing or oral argument. See, *e. g.*, *United States* v. *Gagnon*, 470 U. S. 522, 530–531 (1985) (BRENNAN, J., dissenting); *Florida* v. *Meyers*, 466 U. S. 380, 383 (1984) (STEVENS, J., dissenting); *Wyrick* v. *Fields*, 459 U. S. 42, 50 (1982) (MARSHALL, J., dissenting). Because I find this one-sided practice of summary error correction* inappropriate, I would vote merely to deny this petition for certiorari. Accordingly, I respectfully dissent.

---

*There have been summary reversals in 27 noncapital cases involving criminal convictions over the last four Terms. Twenty-four of these favored the warden or the prosecutor. See *ante*, at 456–457; *United States* v. *Gagnon*, 470 U. S. 522 (1985) *(per curiam); United States* v. *Woodward* 469 U. S. 105 (1985) *(per curiam); Florida* v. *Rodriguez*, 469 U. S. 1 (1984) *(per curiam); Massachusetts* v. *Upton*, 466 U. S. 727 (1984) *(per curiam); Florida* v. *Meyers*, 466 U. S. 380, 386, and n. 3 (1984) *(per curiam)* (STEVENS, J., dissenting) (collecting cases).