**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4944**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DOUGLAS THOMAS PERSON,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (5:03-cr-00170-BO)

---

Submitted:  October 20, 2008      Decided:  November 6, 2008

---

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Thomas Person pled guilty to possession with intent to distribute five grams or more cocaine base, 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006). He was sentenced to 262 months' imprisonment. On appeal, Person challenges his sentence, alleging the Government breached the plea agreement in failing to inform the district court at sentencing of the full extent of his cooperation. Finding no plain error, we affirm.

A defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Where a party raises the alleged breach for the first time on appeal, we review for plain error. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). Accordingly, Person must not only establish that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" See id. at 66 & n.4 (quoting United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said

2

to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Id. "Accordingly, in enforcing plea agreements, the government is held only to those promises that it actually made," and "the government's duty in carrying out its obligations under a plea agreement is no greater than that of 'fidelity to the agreement.'" Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)); see also United States v. Benchimol, 471 U.S. 453, 456 (1985) (holding "it was error for the Court of Appeals to imply as a matter of law a term which the parties themselves did not agree upon" by requiring recommendation to be made "enthusiastically"); but see United States v. Brown, 500 F.2d 375 (4th Cir. 1974) (concluding "government failed to keep its bargain" by expressing doubts about its agreed-upon recommendation which "could reasonably be expected to be . . . expressed with some degree of advocacy").

We have reviewed the record and conclude the Government did not breach the plea agreement. Under the plea agreement, the Government was obligated to make known to the district court at sentencing the full extent of Person's cooperation. At sentencing, the Government informed the district court that Person had signed a plea agreement, that he had been debriefed, and that he provided complete and truthful information. The Government added that it believed the information Person provided would be used at a later time to calculate another individual's guideline range and that Person would hopefully be eligible for a sentence reduction under Fed. R. Crim. P. 35. We find that the Government satisfied its obligation to apprise the court of the extent of Person's cooperation.

Accordingly, we affirm Person's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>