**UNITED STATES of America**

v.

**Wendell Antonio JOHNSON.**

**Civil Action No. 7:04CR00128.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Aug. 11, 2009.

Donald Ray Wolthuis, United States Attorneys Office, Roanoke, VA, for United States of America.

*2255* **MEMORANDUM OPINION**

SAMUEL G. WILSON, District Judge.

This is a motion by Wendell Antonio Johnson pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance at sentencing when his counsel failed to raise the government's breach of his plea agreement. The government has moved to dismiss on the ground that Johnson voluntarily waived his right to collaterally attack his judgment and sentence. The court rejects Johnson's claim on its merits.

### I.

Johnson was charged in this court in nine counts of an indictment with various drug trafficking offenses. Pursuant to a plea agreement, Johnson pled guilty to three counts of that indictment: count one, which charged him with conspiracy to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. § 846; count seven, which charged him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); and count eight which charged him with possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1).

Johnson acknowledged in the plea agreement in a paragraph captioned "Career Offender Status" that he understood that he might be a career offender pursuant to United States Sentencing Guidelines § 4B1.1 and that the court would make that determination at the time of his sentencing (Plea agreement ¶ 7); in the paragraph that followed, captioned "Enhancement Due to Prior Drug Trafficking Conviction," he acknowledged that he understood and stipulated that he was "subject to increased penalties for the offense[s] to which [he was] pleading guilty because of [his] prior felony drug trafficking conviction," and he expressly waived

"any objection" he might have "to the form or substance of the information prepared and filed" by the government pursuant to 21 U.S.C. § 851 "prior to [his] plea of guilty" (Plea agreement ¶ 8); and in the very next paragraph captioned "No Other Sentencing Enhancements," he acknowledged his understanding that the government would not seek any "additional sentencing enhancements" pursuant to the sentencing guidelines (Plea agreement ¶ 9).

The agreement provided further, in pertinent part, that the government would recommend the "low end of the guideline range or 240 months, whichever is greater" (Plea Agreement ¶ 11); that the court was "not bound by any recommendations or stipulations contained in [the agreement]" and could sentence defendant "up to the maximum provided by law" (Plea agreement ¶ 25); that Johnson was waiving his right to appeal sentencing guideline issues and his right to "collaterally attack" pursuant to 28 U.S.C. § 2255 "the judgment and any part of the sentence imposed" (Plea agreement ¶¶ 14, 15); and that the government retained the right "notwithstanding any provision in [the] plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant." (Plea agreement ¶ 25.)

On April 22, 2005, the court conducted a plea colloquy and accepted Johnson's plea as to counts one, seven and eight. In the plea colloquy, the court apprised Johnson that his statutory imprisonment range was 20 years to life for count one, 30 years for count seven, and 20 years to life for count eight. Neither the parties nor the court recognized, however, that the United States had failed to file the § 851 information referenced and contemplated in Johnson's plea agreement before his plea. After Johnson's plea the United States filed its information detailing a single drug trafficking felony. In fact, Johnson had two previous drug trafficking felonies. According to the probation officer's report, because the government had failed to file its § 851 information before Johnson pled guilty, Johnson was not subject to the statutory enhancements contemplated by the plea agreement. Therefore, the probation officer reported the statutory imprisonment range to be 10 years to life for count one, up to 20 years for count seven, and 10 years to life for count eight. The probation officer noted further that had the government filed a timely accurate information, detailing Johnson's two previous drug trafficking felonies, he would have been subject to mandatory life sentences as to counts one and eight.

According to the presentence report, Johnson was a career offender under United States Sentencing Guideline § 4B1.1 because he had two prior controlled substance offenses, and otherwise qualified. If the offense level specified by a table in the career offender guideline for the career offender is greater than the offense level otherwise applicable, the offense level specified by the career offender table applies. U.S.S.G. § 4B1.1(b). The probation officer reported, and the court agreed at sentencing that the career offender offense level applied, which in Johnson's case produced an offense level of 37.[1] Applying a reduction for acceptance of responsibility resulted in a total offense level of 34 and a

---

1. The probation officer mistakenly reported the offense level specified in the table to be 38 rather than the level actually specified—37. The court corrected this mistake, however, before sentencing Johnson.

criminal history Category VI, which produced a guideline range of 262 to 327 months. The government's counsel then recommended, after expounding upon Johnson's seeming incorrigibility, that the court sentence him to 262 months, the bottom end of the guideline range.

In determining the offense level that otherwise would have been applicable (if it had exceeded the offense level specified in the career offender guideline) the presentence report provided for three upward adjustments: a two-level adjustment because Johnson possessed a firearm, and two separate two-level adjustments based on two separate incidents for obstruction of justice. The government put on evidence and argued in favor of each adjustment, although it ultimately withdrew its support for the firearm adjustment after Johnson's counsel noted that the government agreed not to seek any other sentencing enhancements.

The court noted Johnson's exceptional criminal history and conduct, and sentenced him to a total term of 300 months, rather than the 262 months recommended by the government. Johnson appealed and his newly appointed counsel filed a brief pursuant to *Anders v. California,* 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious grounds for appeal but questioning whether this court committed reversible error in failing to *sua sponte* order a second hearing as to whether Johnson voluntarily and knowingly pled guilty. Johnson was given an opportunity to file a *pro se* brief, but he failed to do so. The government moved to dismiss the appeal based upon the appeal waiver in Johnson's plea agreement. The Court of Appeals granted the government's motion in part and denied it in part. It concluded that Johnson had knowingly and voluntarily waived his right to appeal his sentence but that his waiver did not extend to the issues raised by counsel. It then noted that it had "reviewed the entire record" in the case and "found no meritorious issues not covered by the waiver." *United States v. Johnson,* 259 Fed.Appx. 542, 545 (4th Cir. 2007). Accordingly, it affirmed.

## II.

Johnson advances various reasons why his collateral attack waiver was not voluntary.[2] The court finds it unnecessary to address any of them, rejecting instead his ineffective assistance claim on its merits.[3]

---

**2.** Johnson claims the court misinformed him concerning the mandatory minimum sentences he faced on counts one and eight and the maximum on count seven. The parties and the court wrongly believed that the United States had filed a timely § 851 information. Accordingly, the court apprised him that the mandatory minimum sentence for counts one and eight was 20 years and that the maximum sentence for count seven was 30 years, when in fact the mandatory minimum sentence for counts one and eight was 10 years and the maximum for count seven was 20 years. *See* 21 U.S.C. § 841(b)(1)(A)-(C) (providing enhancements for subsequent offenses); 21 U.S.C. § 851 ("No person who stands convicted of [a qualifying drug trafficking offense] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before en-

try of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon"). Johnson's argument is an unusual one: essentially, Johnson argues that he pled guilty believing he was facing a higher mandatory minimum, not that he pled guilty believing he was facing a lower mandatory minimum.

**3.** "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quotations and citations omitted). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted and generally not cognizable in habeas review. *United States v. Mikalajunas,* 186 F.3d 490, 492–493 (4th Cir.1999); *see United*

■ Johnson's ineffective assistance claim is premised on his assertion that the government materially breached its agreement with Johnson. Johnson argues that the government breached the plea agreement in two ways: first, he argues that the government put on evidence and argued in support of three adjustments to Johnson's base offense level contrary to the express terms of the agreement; second, he argues that despite the government's agreement to recommend a sentence at the lower end of the sentencing guideline range, the government effectively undercut its recommendation by giving a "lukewarm" recommendation "after it had railed for several minutes about petitioner's prior criminal involvement with drugs." According to Johnson, the government's argument "was intended to blunt the recommendation for a sentence of 262 months, and it did." (Pet'r Reply Br. 10–11.) Johnson claims that his counsel performed deficiently in failing to raise each of these objections at sentencing. The court rejects Johnson's claim.

To establish an ineffective assistance of counsel claim, Johnson must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir.1992), *cert. denied*, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430–31 (4th Cir.1983), *cert. denied*, 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984); *Marzullo v. Maryland*, 561 F.2d 540, 543–44 (4th Cir.1977), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance; that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430–31). Johnson has not demonstrated either deficient performance or prejudice.

■ The parties expressly recognized that Johnson was subject to enhanced statutory penalties and was potentially a career offender, and it was understood and agreed that the government would seek no other sentencing enhancements. However, the court notes that the three adjustments initially sought by the government were wholly immaterial to Johnson's appli-

States v. Benchimol, 471 U.S. 453, 457, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (Stevens, J., concurring) ("If the Government erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal.") Because Johnson did not claim at sentencing or on appeal that the government breached its agreement, he procedurally defaulted that claim. Recognizing this fact, Johnson raises the claim in the guise of ineffective assistance. He then claims that his collateral attack waiv-

er was not voluntary but does not seek to withdraw his plea on the ground that his plea was involuntary. Indeed, Johnson had two previous qualifying drug trafficking offenses, and if he withdrew his plea the government would be free to file an information subjecting him, in the event of conviction, to a mandatory life sentence. Therefore, he is seeking to enforce his agreement and receive a 262 month sentence, rather than the 300 months the court imposed.

cable career offender guideline range and that the government sought no adjustment enhancing that range. Strictly speaking, therefore, by arguing for adjustments to an offense level trumped by the career offender guideline, the government did not seek an adjustment that enhanced Johnson's sentence. But even assuming the government breached its plea agreement by initially supporting the three adjustments, its breach was not material. Under *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), when the government breaches a plea agreement, a defendant is entitled to specific performance and resentencing by a different judge or the opportunity to withdraw his plea.[4] The breach must be material, however, *see United States v. Scruggs,* 356 F.3d 539, 543 (4th Cir.2004) ("Central to determination of the materiality of a breach is the extent to which the injured party will be deprived of the benefit which he reasonably expected." (citations omitted)); *cf. United States v. VanDam,* 493 F.3d 1194, 1202 n. 5 (10th Cir.2007) ("*Santobello* provides no express guidance as to the effect of non-material breaches."), and if the government's support for the adjustments here was a breach, it was in no sense material. Therefore, had Johnson's counsel clearly raised a *Santobello* argument, more likely than not the court would

have denied it. Equally fundamental to the ineffective assistance of counsel claim Johnson raises here, the court finds that counsel did not perform deficiently by failing to raise a *Santobello* challenge to a matter that was wholly immaterial to the sentence imposed, and the court finds that Johnson cannot show prejudice.

■ The court also rejects Johnson's ineffective assistance claim arising out of what Johnson has referred to as the government's "lukewarm" recommendation of a sentence of 262 months, the low end of his career offender guideline range. Johnson essentially contends that the government's recommendation that followed its recitation of Johnson's lengthy criminal history was simply an effort to circumvent the government's obligations under its agreement, and that his counsel should have raised a *Santobello* challenge. The court rejects Johnson's characterization of the government's recommendation. The court did not view the government's argument as an effort "intended to blunt the recommendation for a sentence of 262 months" as Johnson contends.[5] To the contrary, the government expressed no reservations about its bargain, and unequivocally recommended a sentence at the lower end of the guideline range. As far as its recommendation was concerned,

---

4. The Supreme Court applies plain error review to a *Santobello* claim on direct review. *Puckett v. United States,* — U.S. —, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Although "automatic reversal is warranted when objection to the Government's breach of a plea agreement has been preserved," *id.* at 1432, when the defendant has not preserved it, he must show prejudice, and "[w]hen the rights acquired by the defendant [pursuant to the plea agreement] relate to sentencing, the 'outcome' he must show to have been affected is his sentence," *id.* at 1433 n. 4.

5. As previously stated, the plea agreement expressly reserved the government's right, notwithstanding any other provision in the

agreement, "to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made by the Court by or on behalf of the defendant." (Plea agreement ¶ 25.) Moreover, having failed to file a timely § 851 information as the written plea agreement contemplated, the government was no doubt attempting to highlight the fact that Johnson was not a typical defendant, in the event the court might be contemplating a departure or variance.

its conduct was unassailable. *See United States v. Benchimol,* 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (reversing the appellate court's decision finding that the government had breached its plea agreement to recommend a specific sentence by failing to do so with adequate "enthusiasm" when it made the appropriate recommendation without expressing any reservations). Counsel did not perform deficiently in failing to make a questionable *Santobello* challenge, *see United States v. Jimenez,* 992 F.2d 131, 136 (7th Cir.1993) (counsel's performance was not deficient in failing to claim a breach on the ground that the prosecutor "significantly undercut" his bargain to make an agreed-upon recommendation when he in fact made that recommendation without expressing reservations), and the court would have denied it if counsel had made it. Accordingly, Johnson can show neither deficient performance nor prejudice, and the court dismisses his ineffective assistance claim.

## III.

For the foregoing reasons the court will deny Johnson's § 2255 motion.

### *FINAL ORDER*

In accordance with the accompanying Memorandum Opinion, it is hereby **ORDERED** and **ADJUDGED** that Johnson's motion pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED;** and this action shall be **STRICKEN** from the active docket of this court.

The Clerk is directed to send a certified copy of this Order and the accompanying Memorandum Opinion to the petitioner.