NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30087 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00053-TMB-4 |
| v. | |
| RAND HOOKS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 7, 2012[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and FITZGERALD, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

Alaska state prisoner Rand Hooks ("Hooks") appeals the district court's denial of Hooks's motion to withdraw his guilty plea. Hooks contends that the government breached the terms of his plea agreement and argues that the district court abused its discretion in denying Hooks's motion to withdraw his plea after he identified this alleged breach. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's denial of the motion.

The government did not breach the terms of the plea agreement by either eliciting testimony from a witness during sentencing proceedings or providing information to the probation officer for use in the presentence report. This testimony and information were provided in direct response to the district court's desire for clarification regarding Hooks's role in the conspiracy and were not offered to influence the court to impose a harsher sentence than the probationary term recommended in the plea agreement. *See United States v. Mondragon*, 228 F.3d 978, 979 (9th Cir. 2000).

The existence of a plea agreement does not "ba[r], erod[e] or impai[r]" the government's obligation to "honestly answe[r] the district court's questions." *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000). The plea agreement also did not prohibit the government from providing factual information regarding the offense to the probation office. *See United States v. Read*, 778 F.2d

2

1437, 1441 (9th Cir. 1986). The government's obligations under the plea agreement did "not preclude [it] from answering the district court truthfully and then performing as promised under the plea agreement, namely to recommend that the district court, in its discretion, sentence [the defendant] in accordance with the promised figure." *United States v. Manzo*, 675 F.3d 1204, 1211–12 (9th Cir. 2012).

Throughout the pendency of the plea agreement, the government advocated for a probationary sentence. The government repeatedly argued that a probationary sentence should be imposed in its sentencing memorandum, in a letter to the probation officer, and in statements made to the district court. Accordingly, we are satisfied that the government complied with the terms of the plea agreement and fulfilled its obligations to the defendant by recommending a sentence of probation. *See United States v. Benchimol*, 471 U.S. 453, 455 (1985).

Nor did the government's conduct effectuate a breach of the plea agreement. The district court did not abuse its discretion when it rejected that alleged breach as constituting a "fair and just reason" supporting Hooks's motion to withdraw his guilty plea under Fed. R. Crim. P. 11(d)(2)(b).

AFFIRMED.