# IN THE COURT OF APPEALS OF IOWA

No. 14-0284
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW JAMES LOPEZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

        Andrew Lopez appeals from his guilty plea to child endangerment causing bodily injury.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Stephen Holmes, County Attorney, and Tiffany Meredith, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Andrew Lopez appeals from his guilty plea to child endangerment causing bodily injury, in violation of Iowa Code sections 726.6(1)(a)-(b), .6(6) (2013). He asserts trial counsel was ineffective for failing to object on the basis of the State's failure to comply with the plea agreement. Because we conclude the State did not breach the plea agreement, trial counsel was not ineffective for failing to object to the State's actions during the sentencing hearing. Consequently, we affirm Lopez's conviction and sentence.

On September 18, 2013, Lopez was watching B.H., the son of his live-in paramour. B.H. was approximately two years old. When the mother returned home, she discovered bruising on B.H.'s back, arms, and wrists, a bite mark on B.H.'s upper arm, and a burn on his abdomen below the top of his diaper. Lopez later admitted that he had pulled B.H. too roughly, which resulted in bruising. He also stated "magical fire" had caused the burn mark.

Lopez was initially charged with willful injury, in violation of Iowa Code section 708.4(2), but the State later amended the trial information to charge Lopez with child endangerment causing bodily injury, in violation of Iowa Code sections 726.6(1)(a)-(b), .6(6). On December 30, 2013, Lopez pleaded guilty. The plea agreement required Lopez to plead guilty to the child endangerment charge in exchange for a joint sentencing recommendation for a deferred judgment, two years probation, and minimum fines and fees. The agreement also required Lopez to complete a parenting class, an anger management class, a mental health evaluation and treatment, as well as comply with the various no-contact orders entered with respect to B.H., his mother, and Lopez's minor child,

A.L. On February 13, 2014, following a hearing, the district court sentenced Lopez to a term of incarceration not to exceed five years. Lopez appeals.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

Lopez argues trial counsel was ineffective for failing to object to the State's alleged failure to comply with the plea agreement. Specifically, he asserts the State failed to adequately inform the court that it approved of the plea agreement, in violation of *State v. Bearse*, 748 N.W.2d 211, 215–16 (Iowa 2008), which requires "the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." Lopez also claims the State introduced evidence "whose sole function was to seek to undermine the plea agreement." This evidence consisted of photographs of B.H.'s injuries and the State's witnesses— B.H.'s biological father and B.H.'s guardian ad litem—who presented victim impact statements to the court.

The guardian ad litem took the stand on behalf of B.H., in which the following exchange occurred:

The Court: All right. Ms. Leighty, you may be seated and you may make your statement.

Ms. Leighty: Thank you, Your Honor. I'm the guardian ad litem appointed to the child in the juvenile matter. Normally I don't get involved in the criminal matters. I've been an attorney for about thirteen years, and this is actually the first time I've ever come into court to make a statement. However, in this case I couldn't remain silent as the child needs a voice.

I don't believe that Mr. Lopez deserves a deferred judgment. I attended the guilty plea hearing hoping to hear if Mr. Lopez would take responsibility for his actions. Instead I heard excuses, I heard him minimize his actions.

Mr. Lopez needs to have anger management classes, a mental health evaluation, and parenting classes. I believe that a no contact order needs to be extended for an additional five years. It's my understanding that one wasn't imposed, so I would ask that one be imposed for that time period.

It's very unlikely that the child would be protected if Mr. Lopez is on probation rather than in custody. In this matter the child is very young. He's only two years of age, he won't be three until next month, and he's not able to protect himself. I'm very concerned that if Mr. Lopez is around the child again, that further injuries will occur.

The State then recited the terms of the plea agreement when making its

sentencing recommendation:

Your Honor, in this case the State is jointly recommending a deferred judgment on this case. We are recommending that [Lopez] be imposed with the minimum fines, court costs, and surcharges and attorney's fees. He pay the jail costs and probationary costs. That he be placed on probation for the minimum amount of time allowed by the law with the Department of Corrections. That while he's on probation he attend a parenting class and complete it and file proof of completion of that with the Court. That he also complete an anger management course and file proof of completion of that with the court, and that he obtain a mental health evaluation, follow through with any recommended treatment.

There is an agreement, Your Honor, in this case for three separate no contact orders to enter. The first would be with the young child [B.H.], and that that be entered for a period of time of five years. That a no contact order regarding his mother [T.H.] also be entered. That is the child's primary caretaker. We are asking that a no contact order regarding [A.L.], Your Honor, be entered, and that one be different in allowing him to have visitation with his

daughter at the discretion of the Department of Human Services, but due to her young age we feel it is also appropriate in this case, Your Honor.

Defense counsel affirmed the county attorney had correctly recited the terms. She then provided the court with many reasons why the court should follow the agreement, including detailing Lopez's remorse for his actions, his future plans, and his family support system, all of which supported Lopez's eligibility for a deferred judgment. Lopez also addressed the court, accepting responsibility for his actions and outlining his commitment to turning his life around.

The Court, however, rejected the plea agreement and stated in part:

> Mr. Lopez, I think in order to be successful this sentence needs to make you understand how totally and completely unacceptable your behavior was. No matter what the circumstances, you never, ever, have the right to assault a 2-year-old, and when you do there are going to be serious consequences, and you need to understand, the community needs to understand, your family needs to understand, and the victim's family needs to understand, how seriously this Court treats assault offenses.
>
> Mr. Lopez, I can tell you right now you are not getting a deferred judgment. That's not an issue. The issue here is: Do you get probation or do you go to prison? Those are the two alternative sentences, not a deferred judgment. You got a deferred judgment on an OWI, you were found in contempt because you violated probation, you kept your deferred, and now you're in court again on a much more serious charge. Obviously a deferred judgment probation did not rehabilitate you because you ended up committing a much more serious criminal offense after having completed your prior probation.
>
> When I look at this case . . . I have some real concerns about the safety of our community if you are released into the community. I have some real concerns about your ability to be able to control your temper and not do this again. You have to understand here . . . that your actions now have affected probably forever the lives of a lot of people. Obviously they have affected the life of the victim, and his family, to a lesser degree. You have affected the lives of your family and yourself.

> When I look at the sentencing options available here . . . I don't think probation at this point in your life is appropriate. Probation didn't work before. You committed a very serious assault offense against a 2-year-old and you . . . cannot be trusted in the community on street probation or even a residential facility. You are going to prison, and I think that is the only appropriate sentence here.

The court clearly made its own assessment of the appropriate sentence to impose, and the record does not demonstrate the State breached the plea agreement. The State's introduction of permissible evidence—including the photographs and victim impact statements—does not amount to a breach of the plea agreement. *See generally* Iowa Code §§ 901.2, .5 (stating the court may receive into evidence "any information . . . which is relevant to the question of sentencing" and that the court must then examine said evidence before considering sentencing options); *id.* § 915.21 (governing victim impact statements without the express limitation that the court only receives one statement). The State otherwise complied with the plea agreement by reciting the agreement to the district court and indicating its support of the recommended sentence. *See United States v. Benchimol*, 471 U.S. 453, 455–56 (1985) (holding the prosecutor is not obligated to "enthusiastically" recommend the sentence set forth in the agreement); *Bearse*, 748 N.W.2d at 216 (holding the State breached the plea agreement when it recommended a different sentence at the hearing than what was memorialized in the plea agreement); *State v. Horness*, 600 N.W.2d 294, 298–99 (Iowa 1999) (holding counsel was ineffective for failing to object to the prosecutor's statements regarding the fact the presentence investigation report recommended a different sentence than the

plea agreement, recited the danger the defendant imposed upon her children by driving drunk, and stating "we had an alternative recommendation").

Here, the court adamantly rejected the plea agreement, detailing its reasons for imposing the sentence it determined was more fitting. Because counsel has no duty to present a meritless objection, Lopez's trial counsel was not ineffective for failing to object to the State's conduct during the sentencing hearing. *See State v. Westeen*, 591 N.W.2d 203, 208 (Iowa 1999) (noting counsel is not ineffective for failing to pursue a meritless objection). Consequently, we affirm Lopez's conviction and sentence.

**AFFIRMED.**