# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BULMARO PADRON MARTINEZ, also known as Chapparo, also known as Gumaro,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-842-6

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bulmaro Padron Martinez pleaded guilty pursuant to a written plea agreement to one count of conspiring to transport illegal aliens for profit in violation of 18 U.S.C. § 1324. The district court sentenced him to 51 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40164

in prison, which was at the top of his advisory guidelines range. He now appeals his sentence.

We review for plain error Martinez's claim that the Government breached the plea agreement by violating its promise not to oppose his request to be held accountable for not more than 24 aliens. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Although the plea agreement included a waiver of Martinez's right to appeal his sentence, an appeal waiver is unenforceable if the Government breaches a plea agreement. *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). The Government did not breach the plea agreement in this case. In fact, the Government specifically stated that it was honoring the agreement by advocating for the 24-alien count. Furthermore, the Government's statement that the district court was not bound by the promise in the plea agreement did not constitute a breach of the agreement. *See United States v. Benchimol*, 471 U.S. 453, 455-56 (1985); FED. R. CRIM. P. 11(b)(1)(M). Because the Government did not breach the plea agreement, the valid appeal waiver bars this appeal. *See United States v. Purser*, 747 F.3d 284, 294-95 (5th Cir.), *cert. denied*, 135 S. Ct. 403 (2014). Accordingly, the appeal is DISMISSED.