**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4886**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANDREW WAYNE LANDELLS, a/k/a Herbert Hill, a/k/a John Watson, a/k/a John Lee, a/k/a Michael Munoz, a/k/a Mark Sierra,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00040-D-1)

Submitted: September 29, 2015      Decided: October 9, 2015

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, P.C., Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a written plea agreement, Andrew Wayne Landells pled guilty to conspiracy to conduct financial transactions involving the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012). The district court imposed a 180-month sentence. Landells' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the Government breached the plea agreement, and whether the district court erred in enhancing Landells' sentence for possession of a firearm. Landells filed a pro se supplemental brief also challenging the firearm enhancement to his sentence. The Government has moved to dismiss the appeal based on Landells' waiver in the plea agreement of his right to appeal his sentence. We grant the Government's motion to dismiss the appeal in part, and we affirm the district court's judgment.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d

2

493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. at 354-55 (citing Blick, 408 F.3d at 168).

We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Landells' appeal waiver was knowing and voluntary. On appeal, Landells contends that the Government breached the plea agreement at sentencing by not supporting its recommendation of a three-level enhancement for Landells' role in the offense, rather than the four-level enhancement recommended in the presentence report. Landells asserts that this issue falls outside the scope of the waiver.

"A defendant's waiver of appellate rights cannot foreclose an argument that the government breached the plea agreement." United States v. Dawson, 587 F.3d 640, 644 n.4 (4th Cir. 2009) (citing United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006)). Moreover, "we will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver." Cohen, 459 F.3d at 495 (citing Blick, 408 F.3d at 168); see also United States v. Lewis, 633 F.3d 262, 271 n.8 (4th Cir. 2011) (citing Dawson, 587 F.3d at 644 n.4; Cohen, 459 F.3d at 495). However, where a defendant alleges a breach by the Government but "the record in [the] case does not support [the defendant's] claim," we "will

3

not invalidate [the defendant's] appeal waiver based on [the unsupported] allegations." Cohen, 459 F.3d at 495.

Based on our review of the record, we conclude that Landells' claim that the Government breached the plea agreement by not supporting its recommendation of a three-level enhancement for Landells' role in the offense is not supported by the record. The plea agreement provided that the Government agreed to a three-level enhancement; it did not require the Government to argue in support of the position or to "enthusiastically" recommend the three-level enhancement. See United States v. Benchimol, 471 U.S. 453, 455 (1985) (holding that there is no requirement for the Government to "enthusiastically" make a certain recommendation or to provide reasons for a recommendation, absent an agreement to do so). Moreover, we conclude that Landells' guilty plea and his appeal waiver are valid and enforceable. Accordingly, we affirm Landells' conviction.

Landells' other issue raised on appeal — that the district court erred in enhancing his sentence for possession of a firearm — falls within the scope of the waiver. We therefore dismiss the appeal as to that claim. In accordance with Anders, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

4

Accordingly, we grant the Government's motion to dismiss the appeal in part, and affirm the district court's judgment. This court requires that counsel inform Landells, in writing, of his right to petition the Supreme Court of the United States for further review. If Landells requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Landells. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART