# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20577
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERAMY JEROME GAGE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-336-1

Before SMITH, BARKSDALE, AND HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeramy Jerome Gage pleaded guilty, pursuant to a written plea agreement, to conspiring to possess, with intent to distribute, five kilograms or more of cocaine and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. The court sentenced him at the bottom of the applicable advisory Guidelines sentencing range to, *inter alia*, 292 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-20577

Gage challenges his sentence, contending the Government breached the plea agreement in two ways.

The plea agreement included a waiver of Gage's right to appeal his sentence; but, obviously, the waiver is unenforceable if the Government breached the agreement. *See United States v. Keresztury*, 293 F.3d 750, 756–57 (5th Cir. 2002). Although the parties disagree on the applicable standard of review, we need not resolve that issue because Gage cannot make the requisite showing under either a plain-error or *de novo* standard. *See United States v. Le*, 512 F.3d 128, 132 (5th Cir. 2007).

Gage contends the Government agreed to recommend to the sentencing court: a 188-month sentence; and a three-point reduction for acceptance of responsibility. "[W]hen a guilty plea rests in any significant degree on a promise or agreement of the [Government], so that it can be said to be part of the inducement or consideration, such promise must be fulfilled". *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993) (internal quotation marks omitted). The proper inquiry is whether the Government's conduct comports with Gage's reasonable understanding of the agreement. *United States v. Roberts*, 624 F.3d 241, 245–46 (5th Cir. 2010). Gage "bears the burden of demonstrating a breach of the agreement by a preponderance of the evidence". *United States v. Loza-Gracia*, 670 F.3d 639, 642 (5th Cir. 2012).

Regarding the length of sentence, Gage maintains the Government undermined that agreement during the sentencing hearing, and "essentially apologiz[ed]" for its leniency. Nevertheless, the record reflects the Government offered an explanation for that recommendation, which was also set forth in the plea agreement, but did not disavow, or apologize for, it. The Government is not generally required to advocate enthusiastically for a particular

2

No. 15-20577

sentencing recommendation, even where it has promised to make it.  *See United States v. Benchimol*, 471 U.S. 453, 455–57 (1985).

Additionally, the Government did not agree to recommend a three-point reduction for acceptance of responsibility; instead, it agreed not to oppose Gage's anticipated request for such a reduction.  A review of the sentencing transcript shows the Government complied with that agreement; it stated Gage had done enough to receive credit for acceptance of responsibility.

In sum, Gage has not met his burden of establishing the requisite breach. *See, e.g., United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013).

AFFIRMED.