**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50092 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02732-LAB |
| v. | |
| CARLOS PLACERES-CRUZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Carlos Placeres-Cruz appeals the 37-month sentence and 3-year term of supervised release imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Placeres-Cruz first contends that the government breached his plea agreement by failing sufficiently to urge the merits of a four-level fast-track departure at his sentencing hearing. "Courts enforce the literal terms of a plea agreement," *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011), and here the government complied with the literal terms of the agreement by recommending a four-level fast-track departure and a sentence of 24 months' custody. Because the government did not agree to urge particular arguments in favor of the departure, its failure to discuss the sparing of prosecutorial resources arising from the plea did not constitute a breach. *See United States v. Benchimol*, 471 U.S. 453, 455-56 (1985) (per curiam); *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999).

Placeres-Cruz next argues that the district court improperly based its imposition of supervised release on punitive factors. Because Placeres-Cruz did not raise this objection in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Even if the district court plainly erred by considering the need to punish when deciding whether to impose supervised release, *see* 18 U.S.C. § 3583(c), Placeres-Cruz has not demonstrated a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Given the court's expressed concern about Placeres-Cruz's extensive

2                                                                                     17-50092

and recidivist criminal and immigration history, and the need to deter, we conclude the district court would have imposed supervised release absent any consideration of punishment.

**AFFIRMED.**

17-50092