**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2119
_____

UNITED STATES OF AMERICA

v.

DONNELL WARREN, a/k/a Mikey,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00183-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2023

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: December 4, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Donnell Warren admits he violated the terms of his supervised release. But he says that admission came in exchange for a sentencing recommendation by the Justice Department that never arrived in court. And while Warren's sentence falls within the advisory Guidelines range, the Department's failure to honor its bargain requires that we vacate and remand for a new proceeding.

## I.

Warren completed a 41-month term of incarceration for drug offenses and began serving six years of supervised release. His probation included a series of mandatory and standard conditions, including regular reporting, staying at an approved residence, routine drug testing, and refraining from further criminal conduct. Warren repeatedly violated them all, evading contact with his probation officer, living in an unapproved residence, skipping drug testing, and racking up new offenses for drug and alcohol crimes, including driving under the influence ("DUI"). As a result, the United States Probation Office moved to terminate his supervised release.

Before the revocation hearing, the District Court directed Warren's federal public defender and the United States Attorney's Office to discuss the case. Following up on that request, the Court emailed the parties: "Could you please let us know today whether the parties have reached a resolution." App. 30. An Assistant United States Attorney replied:

I think I can represent that we've reached the following stipulations:

> Mr. Warren will acknowledge two violations: First, that he was convicted of [a] DUI, and second, that he failed to report to Probation as directed. Both are Grade C violations, and his applicable [G]uideline[s] range is 5 to 11 months.

App. 30. In addition, the Assistant wrote: "The parties have further stipulated to the following sentence: 5 months incarceration to be followed by 24 months of supervised release," some of which to be spent in recovery programs. App. 30. Warren's counsel did not reply to the email. The seeds of the sentencing dispute were sowed.

As often happens, a lineup change occurred at the revocation hearing and a new prosecutor replaced the one who sent the stipulations to the District Court.[1] Early in the proceedings, the District Court acknowledged the plea agreement, stating "the parties . . . have conceded" Warren violated the contact requirement and had a DUI. App. 33. The parties also agreed the Justice Department planned to dismiss the remaining charges.

The District Court next asked the prosecutor if there was "an agreement between the government and defendant with respect to sentencing," App. 36, and the prosecutor answered in the affirmative without further detail. The Judge asked the defense counsel: "[T]hat agreement is five months?" App. 36. Warren's counsel agreed; the prosecutor did not object.

But the Judge did, expressing her dissatisfaction with the short sentence. The District Court was "exceptionally troubled by just the complete failure" of Warren "to take this process seriously," App. 36, and had "not seen this level of just complete disregard for the probation office in quite some time," App. 47. She reminded the parties

---

[1] The District Court acknowledged counsel's lack of familiarity with case.

3

that both the Sentencing Guidelines and plea agreements guide, but do not bind, the Court.

Asked for the Justice Department's views, the prosecutor waffled, expressing uncertainty about the sentence length but standing by the rest of the agreement.[2] Warren's counsel immediately objected to the Department's apparent change of heart, stating "this was an agreement that we worked out with the government . . . . I'm not sure why [the prosecutor] wouldn't stick by it. . . . [W]e just ask that the Court impose the agreed-upon recommendation that the parties reached . . . ." App. 49–50. The District Court acknowledged counsel's point, saying "And I recognize that." App. 50. The Court then sentenced Warren to nine months' imprisonment and two years of supervised release, above the five months' imprisonment agreed upon by the parties but within the Guidelines range for Warren's conceded offenses.

Warren appeals his sentence.[3]

## II.

Plea agreements are contracts. *United States v. Williams*, 510 F.3d 416, 422 (3d

---

[2] "I really don't know what to say, Your Honor. . . . I don't know about the five months, but I do think that the part of the agreement . . . where he sort of steps down once on supervised release makes sense . . . . So I would ask that you, at a minimum, the Court make that part of the agreement."
App. 49.

[3] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e) and we have jurisdiction under 18 U.S.C. § 3742(a) and 18 U.S.C. § 1291. Since Warren objected to the departure from the agreement, "[w]hether the government's conduct violates the terms of the plea agreement is a question of law and our review is plenary." *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989).

Cir. 2007). Warren says the prosecutor breached the plea agreement, leading to a higher sentence. The Justice Department says there was no contract at all, and, alternatively, that the prosecutor satisfied any obligation.

Even assuming the Government is not judicially estopped from making its argument and that it did not waive this argument by failing to argue it before the District Court, Warren has the better argument. There was a contract between the parties. Counsel and District Court alike said so. And whatever the prosecutor's reasoning, be it unfamiliarity or disagreement with the deal, "[w]hen the Government agrees . . . to make a recommendation with respect to sentence, it must carry out its part of the bargain by making the promised recommendation." *United States v. Benchimol*, 471 U.S. 453, 456 (1985). It matters not that Warren's sentence was within the Guidelines range since "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Warren's "sentence must be vacated and the case remanded to the district court to either allow [Warren] to withdraw his plea or grant specific performance of the plea agreement." *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). If the District Court grants enforcement of the agreement, as Warren requests, "resentencing should occur before a

different judge." *Id.* at 1363 n.7.[4]

* * *

For these reasons, we will vacate the final sentence below and remand to the District Court.

---

[4] Our decision disagrees with the actions of the Justice Department, not the District Court or defense counsel. When the United States deprives anyone of liberty, higher standards of professionalism are required.