**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4322**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRANDON MCMILLAN,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:21-cr-00135-M-1)

───────────────

Submitted:  October 22, 2024                Decided:  November 13, 2024

───────────────

Before WILKINSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon McMillan pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  The district court sentenced him to 120 months' imprisonment.  On appeal, McMillan's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking this court to review the validity of McMillan's guilty plea, whether the Government breached the plea agreement by not arguing in favor of a sentencing stipulation in the plea agreement, and whether the district court erred by declining to adopt the stipulation.  McMillan was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in McMillan's plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  Our review of the plea hearing leads us to conclude that McMillan knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.  We therefore

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new penalty provision does not apply in this case, however, because McMillan committed his offense before the June 25, 2022, amendment to the statute.

2

conclude that the waiver is valid and enforceable as to all issues that fall within its scope, including the sentencing issue counsel raises in the *Anders* brief. In accordance with our review of the record pursuant to *Anders*, we further conclude that McMillan's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("[T]he existence of [an appeal] waiver does not bar our review of the validity of the guilty plea.").

In the plea agreement, the parties stipulated that the sentence imposed would run concurrently with any sentence imposed by the state court for the underlying conduct. The plea agreement also stated that this stipulation was not binding on the court. At sentencing, the district court announced that the advisory Sentencing Guidelines range would have been 360 months to life imprisonment, but, due to the statutory maximum, the range was 120 months. McMillan stated that he was not requesting a sentence below the 120-month statutory maximum, but asked the court to consider allowing the sentence to run concurrently with the state sentence. The Government merely stated that a 120-month sentence was appropriate and did not mention the stipulation or argue in favor of a concurrent sentence.

To the extent that counsel asserts that the Government breached the plea agreement by failing to argue in favor of a concurrent sentence, we find no plain error.[2] *See Dawson*, 587 F.3d at 645 (reviewing for plain error claim of breach of plea agreement where

---

[2] McMillan's appeal waiver does not preclude our consideration of this claim because "[a] defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement." *United States v. Dawson*, 587 F.3d 640, 644 n.4 (4th Cir. 2009).

3

defendant did not raise claim in district court).  The terms of the plea agreement did not require the Government to make a sentencing recommendation or to affirmatively argue in favor of allowing the sentence to run concurrently with the state sentence; thus, we find no breach of the plea agreement.  *See United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) ("The government is only bound, however, by the promises that were actually made in inducing a guilty plea."); *see also United States v. Benchimol*, 471 U.S. 453, 456 (1985) (holding that government is not required to explain reasons for its sentencing recommendation unless it agreed to do so in the plea agreement).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of the appellate waiver.  We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver.  We also deny in part the motion to dismiss and otherwise affirm.  This court requires that counsel inform McMillan, in writing, of the right to petition the Supreme Court of the United States for further review.  If McMillan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McMillan.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4